The Honorable Gary Haulmark State Representative, Thirtieth District 8709 Gallery Lenexa, Kansas 66215
Dear Representative Haulmark:
As vice chairman of the house economic development committee and on behalf of a constituent you inquire whether the following fact scenarios violate the prohibition against the corporate ownership of farmland found at K.S.A. 1993 Supp. 17-5904, as amended by L. 1994, ch. 331, sec. 2.
Generally the statute prohibits certain corporate entities from directly or indirectly owning, acquiring or otherwise obtaining or leasing any agricultural land in the state. The prohibition does not apply if the circumstances come within any of the fifteen exceptions.
You submit the following six fact scenarios:
1. A corporation owns and operates swine production facilities in Kansas and contracts with independent farmers doing business in the state to raise the corporation's swine in the farmer's own swine production facility. The corporation concurrently owns and operates a buying station purchasing swine from both independent farmers and one or more swine marketing pools.
2. A corporation owns and operates swine production facilities in Kansas and contracts with independent farmers doing business in Kansas to raise the corporation's swine in the farmer's own swine production facility. The corporation does not concurrently operate any kind of buying station.
3. A corporation owns and operates swine production facilities in Kansas and raises the corporation's swine. The corporation does not contract with any independent farmers to raise swine nor does it operate a buying station.
4. A corporation contracts only with independent farmers to raise swine in Kansas. The corporation does not own or operate a swine production facility nor does it operate a buying station.
5. A corporation owns and operates swine production facilities in Kansas and raises the corporation's swine. The corporation concurrently owns and operates a buying station purchasing swine from both independent farmers and one or more swine marketing pools. The corporation does not contract with any independent farmers to raise swine.
6. A corporation contracts only with independent farmers to raise swine in Kansas. The corporation concurrently owns and operates a buying station buying swine from both independent farmers and one or more swine marketing pools. The corporation does not own or operate its own swine production facility.
A corporation may own or lease agricultural land for use as a swine production facility in any county which has voted favorably to permit the facility to be established. K.S.A. 1993 Supp. 17-5904(a)(15), as amended. The procedure to be followed may be found at L. 1994, ch. 130, sec. 1. The exception in subsection (a)(15), allowing corporations to own agricultural land for use as a swine production facility, applies to all the fact scenarios involving the corporate ownership and operation of a swine production facility. Fact scenarios four and six do not involve corporate ownership of agricultural land and thus no exception to the prohibition against owning farmland is implicated. See K.S.A. 1993 Supp.17-5904(b) as amended by L. 1994, ch. 331, sec. 2; Attorney General Opinion No. 92-115.
Your second question is whether any of the fact scenarios violate anyother provisions of Kansas law applicable to corporate farming.
Contracts between a processor and a producer are governed by L. 1994, ch. 130, new sections eight through thirteen. The limitations imposed by this legislation will apply to all the scenarios except number four. Briefly, new section eight defines a contractor as any corporation, trust, limited liability company or limited partnership which establishes a swine production facility or which contracts with a producer to raise hogs in Kansas and in either case buys hogs in the ordinary course of business in the state. All the fact scenarios except number four deal with either a swine production facility or the buying of hogs. Fact scenario number four is not subject to the contractual limitations imposed by new sections 8 through 13 because the corporation is not buying hogs in the ordinary course of business in the state.
Producers are also limited by the provisions of new sections 8 through 13. A producer is defined as any individual, (family farm corporation, authorized farm corporation, limited liability, agricultural company, limited agricultural partnership, family trust, authorized trust or testamentary trust as defined in K.S.A. 17-5903, as amended) which raises hogs or provides the service of raising hogs and is able to transfer title in such hogs to another or who provides management, feed, labor, facilities, machinery or other production input for raising hogs in Kansas. The individual farmers cited in the fact scenarios come within the definition of a producer and thus must comply with the contractual limitations imposed by new sections 8 through 13.
In conclusion it is our opinion that in order to comply with K.S.A. 1993 Supp 17-5904, as amended, the fact scenarios involving the ownership and operation of a swine production facility (fact scenarios one through three and fact scenario number five) must comply with the exception found in the statute that requires county approval. Additionally, the fact scenarios that involve contracts between contractors and producers, as defined by new section eight, must comply with the limitations imposed by L. 1994, ch. 130, sections. 8 through 13.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm